UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RANDALL RAY SMITH, | ) | |
| | ) | Lead Case No. 1:24-cv-66 |
| *Plaintiff*, | ) | |
| | ) | Member Case No. 1:24-cv-137 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| PEOPLES BANK OF | ) | |
| MIDDLE TENNESSEE et al. | ) | Magistrate Judge Susan K. Lee |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant People's Bank of Middle Tennessee's ("PBMT") motion to dismiss Plaintiff Randall Ray Smith's complaint against it (Doc. 41)[1]. For the following reasons, the Court will **GRANT** Defendant's motion. PBMT's pending objection (Doc. 23) is **DENIED AS MOOT**.

I. **BACKGROUND**

On February 14, 2024, Smith filed this action. (Doc. 1). Since then, he has filed many "supplements" and attempted amendments to his complaint. (*See, e.g.*, Doc. 18.) On June 5, 2024, the Court informed Smith that his second amended complaint (Doc. 31) is the operative complaint in this matter and that, if he sought to amend his complaint, he must move the Court to

---

[1] As the Court previously consolidated this case, all docket citations are to the docket in Case No. 1:24-cv-66 unless otherwise noted.

do so. (Doc. 36.) Smith did not do so. Therefore, Smith's second amended complaint remains the operative complaint.

In his second amended complaint, Smith alleges, in its entirety, the following:

> This is what I'm asking from the Court. The bank foreclosed on me illegally and sold my property and I'm trying to get it back and the bank sold my promissory note with my private information on it without my permission or consent and that violated my rights. {7CRF 1951.15} And the total damages is on the first filing is $346,832.00 plus return of my property . . . . This is what I asked for on my 2nd lawsuit filing which was 1:24-cv-137 but was combined together as one and the second lawsuit was from the 5 promissory notes that was sold without my permission or consent that had my personal information on all five and {7CFR1951.15} says the bank is post to keep them at the county records until they are paid and to be returned to the borrower Randall Ray Smith and the total damages was 2 million. 1 million for selling my promissory notes. And 1 million for violation of my rights.

(Doc. 31 (cleaned up).)[2] Although he does not assert any specific causes of action, in sum, Smith alleges that PBMT: (1) wrongfully foreclosed on his property; (2) wrongfully disclosed his private information when doing so; and (3) violated 7 C.F.R. § 1951.15. (*Id.*)

On June 27, 2024, PBMT moved to dismiss Smith's second amended complaint against it for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. 26.) That motion is ripe for the Court's review.

## II.     STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). "A facial attack is a challenge to the sufficiency of the pleading itself" and "the court must take

---

[2] The Court corrects spelling errors from Smith's second amended complaint.

the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974). "A factual attack, on the other hand, is . . . a challenge to the factual existence of subject matter jurisdiction." *Id.* at 598. With a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citation omitted). In reviewing factual motions, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Plaintiff bears the burden of proving jurisdiction exists. *Golden*, 410 F.3d at 881; *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### III. ANALYSIS

A federal court cannot hear any case; it must have jurisdiction to do so. Congress has vested federal courts with original jurisdiction over, relevant here, two types of cases. The first type is federal-question jurisdiction. 28 U.S.C. § 1331 provides that federal courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." "A claim arises under federal-question jurisdiction, when the cause of action is (1) created by a federal statute or (2) presents a substantial question of federal law." *Miller v. Bruenger*, 949 F.3d 986, 991 (6th Cir. 2020) (citation omitted). Substantial questions of federal law "typically require the interpretation of a federal statute that is so significant that a federal court should hear the case" and must (1) "necessarily raise a stated federal issue that is (2)

disputed and substantial and (3) hearable by the federal courts without disturbing the established federal-state court balance." *Id.* at 992 (quotations and citations omitted).

The second type is diversity jurisdiction. "A federal district court has original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interests." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "[A] claim specifically less than the federal requirement should preclude removal." *Id*. (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)). "To satisfy the amount-in-controversy requirement at least one plaintiff's claim must independently meet the amount-in-controversy specification." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006), *abrogated on other grounds by Hertz Corp. b. Friend*, 559 U.S. 77 (2010) (citing *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 557 (2005)). "In the usual course of proceedings, the sum claimed by a plaintiff, if made in good faith, is the amount in controversy." *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Here, the Court lacks subject-matter jurisdiction over this case. First, the Court lacks federal-question jurisdiction. Smith's cause of action is not created by a federal statute; rather, the only federal law he cites is an inapplicable Department of Agriculture regulation that contains no cause of action. Nor does Smith raise a substantial question of federal law; instead, he essentially alleges wrongful foreclosure—a state-law claim. *See Garner v. Coffee Cnty. Bank*, M2014-0956-COA-R3-CV, 2015 WL 6445601, at *10 (Tenn. Ct. App. Oct. 23, 2015) (acknowledging that wrongful foreclosure can be a cause of action under Tennessee law). Therefore, the Court lacks federal-question jurisdiction.

4
Case 1:24-cv-00066-TRM-SKL   Document 46   Filed 07/24/24   Page 4 of 5   PageID #: 201

Second, Smith has not established that the Court has diversity jurisdiction over this action, because he has not established that the parties are diverse. Smith has not pled the citizenship of any party. (*See* Doc. 31.) In fact, in his initial complaint, Smith alleged that both parties are located in Tennessee. (Doc. 1, at 2.) Therefore, he has failed to establish that the parties are diverse, and the Court lacks diversity jurisdiction.

Accordingly, the Court lacks subject-matter jurisdiction over this case and grants PBMT's motion to dismiss on this basis.[3]

## IV. CONCLUSION

For the above-stated reasons, the Court **GRANTS** Defendant's motion to dismiss (Doc. 41). The case shall be **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because the Court lacks subject-matter jurisdiction over this case, it need not go any further in analyzing the PBMT's other bases to dismiss this action.